UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

LUIS CABAN,

                        Petitioner,

            -v-

UNITED STATES,

                     Respondent.

---------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/2022

1:19-cv-10509-GHW
1:16-cr-656-GHW

MEMORANDUM OPINION AND
ORDER

GREGORY H. WOODS, United States District Judge:

      Petitioner Luis Caban was a member of a conspiracy that sold substantial volumes of illegal narcotics in the Highbridge neighborhood in the Bronx.  Mr. Caban pleaded guilty to the offense of conspiracy to distribute, and possess with the intent to distribute crack cocaine in violation of 21 U.S.C. § 846.  On December 13, 2017, the Court sentenced him principally to 163 months' imprisonment, and entered judgment the same day.  Mr. Caban did not appeal his conviction.  On July 1, 2019, Mr. Caban filed this petition for the issuance of a writ of habeas corpus under 28 U.S.C. § 2255, arguing that his counsel had been ineffective by failing to contest an enhancement to his sentencing guidelines range.  Because Mr. Caban's petition is untimely, the petition is denied.

I.      **BACKGROUND**

A.    **FACTS**

      Mr. Caban was one of twenty three defendants arrested in connection with a broad conspiracy to distribute illegal narcotics in the Highbridge neighborhood of the Bronx.  On August 29, 2017, Mr. Caban entered a guilty plea pursuant to a plea agreement.  *See* Dkt. 675-2[1] (the "Plea

---

[1] Docket number references are to the docket in 1:16-cr-656 unless otherwise noted.

Transcript"), Ex. 2, at 39:3–40:2; 53:19–53:20.  In his Plea Agreement, Mr. Caban accepted

responsibility for the distribution of between 2.8 kilograms and 4.5 kilograms of crack for purposes

of calculating the advisory sentencing guidelines range.  Dkt. No. 675-1, Ex. 1 (the "Plea

Agreement"), at 2.  Mr. Caban also agreed to a two level increase in the offense level for his crime

"because the defendant possessed a dangerous weapon."  *Id.*

At sentencing, the Court calculated the advisory sentencing guidelines range in a manner

consistent with the calculation agreed to by Mr. Caban in his Plea Agreement.  Sentencing

Transcript, Dkt. No. 423 ("Sentencing Tr."), at 5:20-7:5.  Consistent with the Plea Agreement and

the pre-sentence report, the Court's calculation of the advisory sentencing guidelines range included

an enhancement for possession of a dangerous weapon—namely, a firearm.  *Id.* at 6:4-5.  With the

two level enhancement for possession of a firearm, and a three level reduction due to Mr. Caban's

timely acceptance of responsibility, the Court calculated the offense level as 33.  *Id.*  Mr. Caban had a

substantial criminal history, placing him in criminal history category IV.  *Id.* at 6:12-7:5.

Consequently, the Court determined that the advisory sentencing guidelines range for Mr. Caban's

offense was 188 to 235 months imprisonment.  Mr. Caban's counsel did not object to the Court's

calculation of the guidelines range—nor could he, because it was consistent with the guidelines

range agreed to by Mr. Caban in the Plea Agreement.  Plea Agreement at 7:18.

The Court noted at sentencing that

> Mr. Caban and his co[-]conspirators engaged in conduct that injured not only
> the users of the narcotics that they sold, but their entire community.  Members of
> the conspiracy carried guns to protect the organization's businesses.  Mr. Caban
> himself aided and abetted the possession of a firearm.  Mr. Caban provided
> distribution quantities of cocaine to members of the conspiracy, some of which I
> understand was cooked into crack for retail sale.  In addition, Mr. Caban personally
> sold crack and cocaine retail to customers.  He is responsible for the distribution of a
> really significant quantity of the drugs.

Sentencing Tr. at 15:23-16:12.  Notwithstanding the serious nature of Mr. Caban's offense, and his lengthy criminal history, the Court ultimately imposed a sentence that varied downward from the advisory guidelines range by 25 months.  Sentencing Transcript, at 25:10–25:13.

The Court entered judgment on December 13, 2017.  Dkt. No. 414.  Mr. Caban did not appeal his conviction or sentence.

### B.  Procedural History

Mr. Caban commenced this action *pro se* by filing a petition with the Court (the "Petition").  Dkt. No. 662.  While the Petition was docketed on August 20, 2019, it was dated July 1, 2019, and contains a certification by Mr. Caban that it was placed in the prison mail on that date.  *Id.* at 6.  As a result, the Court uses July 1, 2019 as the date of filing of the Petition.  Mr. Caban described his Petition as having been brought pursuant to the "All Writs Act."  28 U.S.C. § 1651.  On August 27, 2017, the Court directed the United States to file an opposition to the Petition.  Dkt. No. 663.  The United States filed its opposition on October 14, 2019.  Dkt. No. 675 (the "Opposition").

On November 12, 2019, the Court issued an order characterizing Mr. Caban's motion as a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255.  Dkt. No. 683.  The Court provided Mr. Caban the opportunity to withdraw his motion within 60 days of the date of its order if he did not want to pursue relief under 28 U.S.C. § 2255.  Dkt. No. 686.  Mr. Caban responded by a letter received by the Court on December 9, 2019, stating, among other things, that "I wish to continue on with my motion (2255)".  Dkt. No. 693.

Mr. Caban requested several extensions of time to file a reply; the Court granted all of those requests.  *See, e.g.,* Dkt. Nos. 681, 689, 696, 716, 734, 778.  The last deadline imposed by the Court by order dated January 22, 2021 required Mr. Caban to file his reply by February 19, 2021.  Dkt. No. 857.  In response, Mr. Caban filed a January 29, 2021 letter asking for the Court to move forward

with the Petition without the benefit of a reply.  Dkt. No. 865 ("I would like for the Court to move forward with this petition.  I have know [sic] reply to the government['s] opposition.").

In his Petition, Mr. Caban claims that his defense counsel provided ineffective assistance of counsel.  Petition at 5.  Mr. Caban argues that the two level increase in the guidelines range resulting from the possession of a firearm was "not factually supported."  *Id.* at 3.  Notwithstanding the fact that he agreed to the firearm enhancement in his Plea Agreement, Mr. Caban also states that "nor was it an admission in the related plea of August 28, 2017."  *Id.*  Mr. Caban complains that his counsel failed to challenge this "false and damaging premise" underlying the sentencing enhancement.  *Id.*  "Counsel was given by the Court multiple opportunities to correct this error, yet counsel remained mute with a dev[a]stating result to Petitioner."  *Id.*

Mr. Caban does not contend that he is innocent of the underlying offense.  However, he argues that the Court should reconsider the sentence imposed based on his counsel's failure to object to the sentencing enhancement.

The Government's contests Mr. Caban's petition on a number of substantive grounds.  The Government points out that Mr. Caban agreed to the gun enhancement in his Plea Agreement.  As a result, the Government reasonably argues, his counsel was not ineffective when he failed to object to the Court's sentencing calculation.   Opposition at 6.  In addition, the Government contends that Mr. Caban waived his right to challenge his sentence collaterally so long as the sentence fell within or below the agreed-upon sentencing guidelines range.  Because the Court's sentence fell below that guidelines range, the Government contends that Mr. Caban has waived his right to bring this petition.  *Id.* at 7-8.  The Court need not address all of the many reasoned arguments presented by the United States in opposition to the Petition, because it is clearly time-barred.

## II.    DISCUSSION[2]

### A.  Mr. Caban's Petition is Time Barred

Mr. Caban's habeas petition is barred by the one-year statute of limitations applicable to petitions for collateral relief under 28 U.S.C. § 2255(f).  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitations on motions to set aside sentences imposed, *inter alia*, 'in violation of the Constitution or laws of the United States.'"  *United States v. Wright*, 945 F.3d 677, 683 (2d Cir. 2019) (citing 28 U.S.C. § 2255(a), (f)), *cert. denied*, 140 S. Ct. 1234 (2020).  The one-year statute of limitations runs from the latest of a number of "triggering events" enumerated in the statute.  *Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012).  Here, the latest applicable "triggering event" under § 2255(f) is "the date on which the judgment of conviction [became] final."  28 U.S.C. § 2255(f)(1).  "[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).  Unless the government files an appeal, the window for a defendant to file a notice of appeal of a conviction closes fourteen days after the district court enters judgment.  Fed. R. App. P. 4(b)(1)(A)(i).

The Court entered judgment on December 13, 2017.  Neither the United States nor Mr. Caban filed an appeal.  As a result, Mr. Caban's judgment became final on December 27, 2017.  The one-year statute of limitations expired on December 27, 2018.  Mr. Caban requested relief from his conviction on July 1, 2019—more than six months after the expiration of the statute of limitations. As a result, the Petition is not timely.

---

[2] Because Mr. Caban is proceeding *pro se*, his submissions are to be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'"  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).  The Court has done so here.

### B.  There is no Basis to Toll the Statute of Limitations

Mr. Caban has not presented any basis upon which the Court might conclude that equitable tolling of the statute of limitations is appropriate.  "The Supreme Court has confirmed that AEDPA's statute of limitations is not jurisdictional and 'does not set forth an "inflexible rule" requiring dismissal whenever its clock has run.'"  *Rivas*, 687 F.3d at 537 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)).  "This is because although AEDPA seeks to eliminate delays in the federal habeas review process, it does not do so at the expense of basic habeas corpus principles, or prior law that a petition's timeliness has always been determined under equitable principles."  *United States v. Wright*, 945 F.3d 677, 684 (quotations and brackets omitted) (citing *Holland*, 560 U.S. at 649–50).  "As a result, even in the wake of AEDPA, a petitioner is entitled to equitable tolling of the one-year statute of limitations if he shows:  '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Id.* (quoting *Holland,* 560 U.S. at 649).

 "To warrant equitable tolling, 'the circumstances of a case must be 'extraordinary.'"  *Id.* (quoting *Holland,* 560 U.S. at 652).  "When determining what constitutes 'extraordinary' circumstances, . . . 'the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'"  *Id.*

"Even when extraordinary circumstances exist, however, a petitioner must demonstrate diligence to qualify for equitable tolling."  *Id.* at 685.  "The only diligence required for the application of equitable tolling is 'reasonable diligence'—we do not require 'maximum feasible diligence.'  Even so, 'we expect even *pro se* petitioners to know when the limitations period expires and to understand the need to file a habeas motion within that limitations period.'"  *Id.* (first quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010), then quoting *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004)).

Mr. Caban has not provided the Court with any basis to find that equitable tolling is appropriate here.  Mr. Caban has not shown that he was diligent.   Indeed, he does not offer any explanation for his failure to comply with the one-year statute of limitations, and chose not to file a reply in response to the Government's opposition that raised this argument.  The lack of a showing of diligence is dispositive.[3]  Lacking that, the Court has no basis to toll the limitations period.

### C.  The "Savings Clause" of 28 U.S.C. § 2255(e) Does Not Apply

The "savings clause" of § 2255(e) "allows a prisoner to avoid the gatekeeping provisions of section 2255 . . . if section 2255 'appears . . . inadequate or ineffective to test the legality of his detention.'"  *Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) (quoting 28 U.S.C. § 2255(e)).  The savings clause authorizes a petition under § 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'"  *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (alterations in original) (internal quotation marks omitted) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)).

Mr. Caban does not contend that he is actually innocent.  He argues only that the sentence imposed should be reduced because of his counsel's failure to object to a sentencing enhancement that increased his offense level by two levels.  Therefore, the "savings clause" of 28 U.S.C. § 2255(e) is unavailable to him.

---

[3] In addition, Mr. Caban has not identified extraordinary circumstances that would justify tolling.  Mr. Caban was aware of the sentencing enhancement at the time of the Plea Agreement, his plea and sentencing—this was not a hidden feature of his plea and sentencing that came to light after judgment.  The Petition states that "chronic institutional lockdowns" have led to the denial of "access to the law library, photocopying, telephone, email, and other basic tools" and that he has been unable to request the appointment of counsel.  Petition at 2.  However, the Second Circuit's "causation precedents ensure that equitable tolling is granted only when the extraordinary circumstances are responsible for a filing delay."  *Harper v. Ercole*, 648 F.3d 132, 142 (2d Cir. 2011).  Here, while Mr. Caban noted these constraints in support of his application for the appointment of counsel, he has not linked them to his six-month delay in filing the Petition.  He has also not shown that the issues described fall outside of the range of "usual problems inherent in being incarcerated [that] do not justify equitable tolling."  *Baldayaque v. U.S.*, 338 F.3d 145, 152 (2d Cir. 2003); *see also Nunez v. United States*, No. 05 CR 1105 CM, 2015 WL 273648, at *2 n.2 (S.D.N.Y. Jan. 20, 2015) (finding no extraordinary circumstances where petitioner argued that the prison facility "only afford[s] five (5) hours a week to [conduct] legal research, with no jail house lawyers, or proper persons with legal knowledge of the law.").

### III.     CONCLUSION

Because the Petition was not filed timely, the Petition is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 662 and 683. The Clerk of Court is also directed to terminate all outstanding motions in *Luis Caban v. United States*, Case No. 1:19-cv-10509-GHW, to enter judgment for the United States in that action, and to close that action.  The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated: May 14, 2022                                    _____
New York, New York                                         GREGORY H. WOODS
                                                                   United States District Judge